## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MOHAMMED H. SALEHMOHAMMED; SHAHANAZ MOURADALY; and their CONJUGAL PARTNERSHIP<br><br>**Plaintiffs,**<br><br>**v.**<br><br>SEA VENTURES, INC. JOHN AND JANE DOES; INSURANCE COMPANIES A, B and C<br><br>**Defendants** | **Civil No. 22-1376**<br><br>**Personal Injury; Diversity; Jury Trial Demanded** |

## COMPLAINT

**TO THE HONORABLE COURT:**

**COME NOW** Plaintiff, Mohammed H. Salehmohammed and Shahanaz Mouradaly, and their conjugal partnership, by and through their undersigned counsel, respectfully state, allege, and pray as follow:

## I. INTRODUCTION

**1.** This is an action for personal injuries and damages suffered by Plaintiffs arising out of the negligent operation by the Defendants of a motor vessel in the waters of Fajardo, Puerto Rico.

## II. JURISDICTION AND VENUE

**2.** This Court has subject matter jurisdiction of this action pursuant to *28 U.S.C § 1332* as the amount in controversy exceeds $75,000, exclusive of interests and costs, and plaintiff and the defendants are citizens of different states.

**3.** Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a). All events related to the accident and injuries described herein took place within this district.

## III. THE PARTIES

**4.** At all relevant times herein, Plaintiff, Mohammed H. Salehmohammed, is a resident of the State of North Carolina.

**5.** At all relevant times herein, Plaintiff, Shahanaz Mouradaly, is a resident of the State of North Carolina.

**6.** Defendant Sea Ventures, Inc. is a corporation organized under the laws of Puerto Rico, with offices located at Marina Puerto del Rey, Fajardo, Puerto Rico.

**7.** Insurance Companies ABC were and still are insurance companies who had issued and maintained in full force and effect, at the time of the injuries and damages alleged herein, polices of insurance issued to Sea Ventures, Inc., covering all risk for injuries and accidents that Plaintiffs suffered as a result of their negligence in operating the snorkeling tours on their vessels.

**8.**   Upon information and belief, John and Jane Doe Defendants are individuals, corporations, and other entities whose names and addresses are unknown to Plaintiff at this time, and who caused or contributed to the injuries and damages to the Plaintiff, but whose true identity and/or liability have not been ascertained at this time. Further, the fictitiously named Defendants, include, but may not be limited to, those that may have an ownership interest in the subject business and vessel and/or manage the business and/or vessel and/or had a duty to make the vessel safe and/or keep the vessel in a seaworthy and safe condition to eliminate dangers to the banana boat participants, such as those causing the injuries herein. All allegations and claims asserted herein against any Defendants are incorporated herein by reference against John and Jane Does. Said John and Jane Does, when their true identities are known and their liability ascertained, will be identified by name and joined in this action, if necessary. Any such amended complaint will relate back to the filing of this Complaint under the applicable rules of procedure.

## IV. FACTUAL ALLEGATIONS

**9.**   At all times mentioned herein, Defendant, Sea Ventures, Inc. ("Sea Ventures"), owned and operated dive instruction, charter, and snorkeling tour business from their home port in Marina Puerto del Rey, Fajardo, Puerto Rico.

10. On August 21, 2021, Plaintiffs' son made the reservations for himself and the Plaintiffs through the website www.divepuertorico.com.

11. On August 22, 2021, Plaintiffs were passengers and participants in Defendants' "Fajardo Afternoon Snorkeling Boat Tour" (hereafter "the excursion").

12. Plaintiffs did not sign any document releasing and/or holding harmless the Defendants for any damages or injuries arising out of their participation on the excursion.

13. After spending some time snorkeling off the coast of Fajardo, Mr. Salehmohammed headed back to the Sea Venture's boat and, once he climbed up the ladder on the vessel's stern to board the vessel, immediately slipped on the deck's slippery surface thereby injuring his right shoulder, bicep and elbow. He immediately felt a sharp pain and was unable to move his right arm.

14. Upon his return to North Carolina, he visited Triangle Orthopaedic Associates P.A. where he was evaluated with Magnetic Resonance Imaging and was diagnosed with full thickness right shoulder rotator cuff avulsion tear and fracture of subscapularis and lesser tuberosity.  He had also suffered a bicep subluxation and tenosynovitis. Doctors recommended he undergo surgery to repair the damage to his shoulder.

**15.** Mr. Salehmohammed received injections of 4 mL of 0.25% Marcaine solution, 4 mL of 1% Lidocaine solution, and 2 mL of Kenalog solution (40mg/mL).

**16.** The doctors informed Mr. Salehmohammed that the surgery could wait if wanted to get a second opinion as to whether the surgery was the best available option.

**17.** On or about October 12, 2021, Mr. Salehmohammed visited David Dellaero M.D. for a second opinion regarding the recommended right shoulder surgery.  Dr. Dellaero was also of the opinion that Mr. Salehmohammed need to undergo arthroscopic rotator cuff repair, open subpectoral biceps tenodesis, arthroscopic debridement and removal of debris and loose bodies, and physical therapy.

**18.** Mr. Salehmohammed underwent a right shoulder arthroscopic acromioplasty, distal clavicle excision, joint debridement, and open biceps tenodesis to repair the injuries suffered on the excursion as a result of Sea Venture's negligent acts and omissions.

**19.** Since the surgery, Mr. Salehmohammed has required and will continue to undergo physical therapies.

**COUNT I – Negligence**

**20.** All of the preceding paragraphs are incorporated by reference as if fully set forth herein.

21. That at all times relevant hereto, Defendants owed a duty to their customers and passengers, including Plaintiffs, to operate and conduct their business activities, including the subject excursion, in a safe and proper manner.

22. That Plaintiff's injuries were sustained without any contributing fault or negligence on the part of Plaintiffs and were caused solely by Defendants' unsafe and dangerous operation of Defendants' vessel and the negligent, grossly negligent, careless, willful, wanton, reckless, and strictly liable conduct of Defendants and/or Defendants' employees or agents in one or more of the following ways:

   a. In failing install and/or maintain anti-slip surface treatments on the vessel's deck to prevent passengers from sliping-and-falling;

   b. In operating the vessel boat in an unsafe and dangerous manner;

   c. In allowing the vessel to be operated in an unsafe and dangerous manner;

   d. In failing to use reasonable care to protect Plaintiff while he was a passenger on the vessel;

   e. In failing to use reasonable care to protect passengers, including Plaintiff, at all times;

   f. In failing to properly warn Plaintiff of the slippery surface;

g. In operating the vessel in such a manner so as to endanger the safety and well-being of Plaintiff;

h. In failing to use all available means appropriate to the prevailing circumstances to determine if a risk of injury to Plaintiff existed;

i. In failing to take positive and appropriate action to avoid causing the subject incident and with due regard to the observance of good seamanship;

j. In failing to follow generally accepted standards of care applicable to the safe and proper operation of a vessel and the business activities of Defendants;

k. In failing to have adequate checks to ensure the implementation of established safety and other procedures;

l. Defendants had actual knowledge, or could have or should have obtained the necessary information by reasonable inquiry, inspection, and operation, of the acts and actions of Defendants' employees and agents in the operation of the vessel described herein, and failed to take the necessary and appropriate steps for the proper and operation of the subject business;

m. Failing to use the degree of care and caution that a reasonably prudent entity and vessel owner/operator would have used under the same or similar circumstances; and

n. In such other particulars that may be established at the trial of this action.

23. Defendants' negligent, grossly negligent, willful, wanton, reckless, and strictly liable conduct and breach of the duties and standard of care owed to Plaintiffs were the direct and proximate cause of the incident and injuries described herein.

24. As a direct and proximate cause of Defendants' negligent, grossly negligent, careless, willful, wanton, reckless, and strictly liable conduct and breach of the duties and standard of care owed to Plaintiffs, Plaintiffs have suffered damages in the form of physical injury and harm, past and future medical expenses, past and future physical and mental pain and suffering, permanent injuries/impairment and disfigurement to his body, mental, emotional, and psychological damage, and loss of enjoyment of life.

25. As a direct and proximate result of Defendant's breach, Plaintiffs suffered serious injuries, pain, suffering and loss of income.

26. Defendants are liable to Plaintiffs, including liability under the doctrines of respondent superior, agency, and strict liability, for Defendants' respective conduct and the conduct of Defendants' respective employees and agents, such

conduct consisting of one or more of the particulars described herein.

### COUNT III – Loss of Consortium

27. The Plaintiffs incorporate by reference all the above paragraphs as though fully set forth herein.

28. At the time of the accident complained of in the Plaintiffs' Complaint, the Plaintiffs were married. Plaintiffs continue to be married.

29. That as a result of the wrongful and negligent acts of the Defendants, and each of them, the Plaintiffs were caused to suffer, and will continue to suffer in the future, loss of consortium, loss of society, affection, assistance, and conjugal fellowship, all to the detriment of their marital relationship.

30. That all the injuries and damages were caused solely and proximately by the negligence of the Defendants.

### COUNT III – Direct Action

31. All of the preceding paragraphs are incorporated by reference as if fully set forth herein.

32. Under Puerto Rico's Direct-Action Statute, the insurer issuing a policy insuring any person against loss or damage through legal liability for bodily injury and damages to a third party, shall become liable whenever a loss covered by the policy occurs.  P.R. Laws Ann. 26 § 2001.

**33.** Insurance Companies ABC are liable for the damages herein demanded pursuant to the insurance policies issued for the benefit of the Sea Ventures.

<u>**JURY TRIAL DEMANDED**</u>

**34.** Plaintiff hereby demands a trial by jury.

**WHEREFORE,** Plaintiffs demand that judgment in the amount of $500,000.00 be entered against defendants for all damages claimed herein, plus interest, costs, attorneys' fees, and any other remedy to which they may be entitled under law or equity.

**RESPECTFULLY SUBMITTED,** in San Juan, Puerto Rico, this 8th day of August 2022.

<u>s/ Alberto J. Castañer-Padró</u>
Alberto J. Castañer-Padró
USDC 225706
**Castañer & Cía PSC**
MAI Center
Marginal Kennedy
771 Calle 1, Ste 204
San Juan PR 00920
Fax 1 888 227 5728
Tel 787 707 0802
<u>alberto@castanerlaw.com</u>