IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**MOHAMMED H. SALEHMOHAMMED,** *et al.*,
    Plaintiffs,

    v.

**SEA VENTURES, INC.,** *et al.*,
    Defendants.

Civil No. 22-1376 (BJM)

## ORDER

After sustaining injuries during an August 2021 snorkeling expedition, Mohammed H. Salehmohammed ("Salehmohammed") and Shahanaz Mouradaly ("Mouradaly") (collectively "Plaintiffs") sued Sea Ventures, Inc. ("Sea Ventures"), Selecta Insurance and Reinsurance Company (Caribbean) Ltd., and several unnamed defendants (collectively "Defendants"), for negligence. Docket No. ("Dkt.") 1. The claim was presumably filed pursuant to Article 1536 of the Puerto Rico Civil Code. 31 L.P.R.A. § 10801. This court has diversity jurisdiction pursuant to 28 U.S.C § 1332. And this case is before me on consent of the parties. Dkts. 9, 12. At the Initial Scheduling Conference on November 29, 2022, all parties agreed to a discovery deadline of June 30, 2023. Dkt. 16. They later asked to extend this deadline to September 8 and that request was granted. Dkt. 18. However, on August 28, Plaintiffs moved to dismiss this case without prejudice. Dkt. 20. Sea Ventures opposed and asked to further extend the discovery deadline. Dkt. 23 at 6.

Under Fed R. Civ. P. Rule 41(a)(2), Plaintiffs may move to dismiss without prejudice. This request can be granted or denied by court order based on the terms the court considers proper. *Id*. The dismissal is without prejudice, unless stated otherwise. *Id.* Court approval is required to ensure that "no other party will be prejudiced." *Doe v. Urohealth Systems, Inc.,* 216 F.3d 157, 160 (1st Cir. 2000). More specifically, courts seek to "prevent voluntary dismissals which unfairly affect

Case 3:22-cv-01376-BJM   Document 33   Filed 11/09/23   Page 2 of 5

*Salehmohammed et al. v. Sea Ventures, Inc.*, Civil. No. 22-1376 (BJM)                                              2

the other side, and to permit the imposition of curative conditions." *Alamance Industries, Inc. v. Filene's*, 291 F.2d 142, 146 (1st Cir. 1961). Thus, dismissal under this rule should be allowed unless the defendants suffer some "plain legal prejudice" other than the possibility of filing a second lawsuit. *Emerald Isles of the Caribbean, Ltd. v. Hispaniola Realty*, 2008 WL 11357897, at *2 (D.P.R. 2008).

In deciding whether to grant the dismissal under Rule 41(a)(2), the First Circuit courts examine the following factors: "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to grant a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *Id*. However, these factors primarily serve as guides and the court need not analyze each factor nor limit its consideration solely to these factors. *JRA Architects & Project Managers, P.S.C. v. First Financial Group, Inc.*, 375 Fed. Appx. 42, 43 (1st Cir. 2010).

I begin with Defendants' effort and expenses in trial preparation. Defendants state they have invested substantial time and financial resources properly pleading their case and meeting this court's deadlines. Dkt. 23 at 4. They mention they sent interrogatories and a request for production of documents, which allegedly went unanswered. *Id*. at 3. Defendants also mention they sent notices of depositions to Plaintiffs and were in the process of sending a notice to Plaintiffs' expert witness when Plaintiffs moved to dismiss. *Id*. Further, Defendants state Plaintiffs also sent interrogatories and a request for production of documents, which were answered, and expert witnesses had been designated by both parties. *Id*. However, as Plaintiffs argue, neither party had deposed the other's witnesses nor filed dispositive motions before Plaintiffs moved to dismiss. *Id*. Therefore, I find Defendants' efforts and expenses were not excessive because they

remain in the case's earlier stages. *See Tyco Laboratories, Inc. v. Koppers Co., Inc.*, 627 F.2d 54, 56 (7th Cir. 1980) (voluntary dismissal would not prejudice the defendants because discovery was not sufficiently extensive, despite deposing some witnesses). Even if the case were more developed, Plaintiffs expressed their willingness to stipulate to the "full use" of the facts and discovery made so far in the refiled case. Dkt. 20 at 5. This stipulation further precludes dismissal under the first factor, as it obviates any plain legal prejudice to Defendants due to their accumulated efforts and expenses. *Tyco Laboratories*, 627 F.2d at 56 (asserting the plaintiff agreed to utilize the evidence discovered thus far in any subsequent action).

Next, I examine Plaintiffs' diligence and timeliness in prosecuting the action. Plaintiffs argue that, once the need arose, they promptly moved for voluntary dismissal. Dkt. 20 at 4. I agree. In their reply, Plaintiffs explain they sent medical records, a request for production of documents, and interrogatories to the Defendants. Dkt. 26 at 2. Plaintiffs also note they retained an expert who inspected the vessel and issued a report. *Id*. Moreover, Plaintiffs provided updated medical records to Defendants as soon as Salehmohammed was advised to undergo a second surgery on July 6, 2023. *Id*. at 7. After this recommendation, Plaintiffs attempted to settle with Defendants or stipulate dismissal. *Id.* at 3; *see also* Dkt. 26-1. Plaintiffs contend the parties met to consider Plaintiffs' proposals on July 21 and discussed them in writing on August 15. *Id*. However, Defendants apparently rejected Plaintiffs' offers. Only after these refusals did Plaintiffs move to dismiss. And their motion was timely because it came more than a week before the discovery deadline expired. Dkt. 20. Accordingly, I find Plaintiffs' actions do not reflect excessive delay or lack of diligence. Instead, their actions in the year since filing this claim have demonstrated initiative and involvement in furthering the case.

As to the third factor, I find Plaintiffs supported and substantiated their need for dismissal. Salehmohammed and his wife, co-plaintiff Mouradaly, filed this action due to injuries the former sustained after a fall on Sea Venture's vessel. Dkt. 20 at 1. Salehmohammed then underwent surgery and physical therapy to repair his right shoulder. *Id*. at 2. According to Plaintiffs, doctors recently recommended Salehmohammed undergo a second surgery for his left-shoulder injuries. *Id*. However, Salehmohammed has been unable to schedule said surgery due to complications arising from Mouradaly's unrelated illness, as he is her primary caretaker. *Id*. Plaintiffs argue the scheduling, surgery, and ensuing recovery process will take at least six months to complete. *Id*. at 3. They emphasize they are requesting dismissal because the second surgery directly and significantly impacts Salehmohammed's damages and future compensation. *Id*. at 6. Further, they note the uncertain surgery schedule could cause significant delays. As such, they do not want to burden the court by allowing the case to remain dormant for a long period of time. *Id*. I find this explanation supports voluntary dismissal.

I note Defendants argue Plaintiffs should not be allowed to voluntarily dismiss under the pretext of circumventing an unwanted result or filing an improved case, especially when Defendants have spent "significant time and resources in defending it." Dkt. 23 at 5-6. However, in previous cases, dismissal has been granted to give the plaintiff "opportunity to secure new evidence after the plaintiff has found, by discovery or otherwise, that the claim advanced in the action could not be proven on the basis of the information then available." 9 Fed. Prac. & Proc. Civ. § 2364 (4th ed. 2023). As such, the prospect of a technical advantage to Plaintiffs should not preclude dismissal. *Puerto Rico Mar. Shipping Auth. v. Leith*, 668 F.2d 46, 50 (1st Cir. 1981). The same can be said of Plaintiffs' recent discovery of the second shoulder surgery, which could significantly affect their claims.

Case 3:22-cv-01376-BJM   Document 33   Filed 11/09/23   Page 5 of 5

*Salehmohammed et al. v. Sea Ventures, Inc.*, Civil. No. 22-1376 (BJM)                                                                 5

Lastly, the final consideration clearly favors granting dismissal without prejudice as Defendants have not filed a motion for summary judgment. *See Barnes-De-Latexera v. San Jorge Children's Hosp.*, 62 F.Supp.3d 212, 217 (D.P.R. 2014); *see also Mateo v. Empire Gas Co., Inc.*, 287 F.R.D. 124, 128 (D.P.R. 2012).

Thus, I conclude that discovery has not been so extensive as to reject Plaintiffs' motion for dismissal without prejudice. It is evident that the parties remain in the pretrial preparation stage, as they had not completed discovery nor taken depositions. Further, the case has not been pending for a lengthy period and there are no indications of disengagement or idleness from Plaintiffs. Accordingly, Plaintiffs' motion for voluntary dismissal under Fed. R. Civ. P. Rule 41(a)(2) is **GRANTED** and Plaintiffs' claims are **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 9th day of November 2023.

*S/ Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge